UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CRAIG M. BALL,<br><br>    Plaintiff,<br><br>    v.<br><br>MANALTO, INC., a Virginia corporation, and ANTHONY OWEN, an individual,<br><br>    Defendants. | Case No. C16-1523RSM<br><br>ORDER DENYING MOTION TO CONTINUE TRIAL DATE |

This matter comes before the Court on Defendants Manalto, Inc. and Anthony Owen's Motion to Continue Trial Date. Dkt. #33. Trial is currently set in this matter for October 23, 2017. Dkt. #12. The discovery motion deadline is May 26, 2017, the discovery cut-off is June 26, 2017, and the dispositive motion deadline is July 25, 2017. *Id.* Defendants are represented by two named counsel in this matter, attorneys Daniel Thieme and Kellie Tabor. *See* Docket.

Defendants bring this Motion to request a four-month continuance of the trial date to accommodate the scheduled leave of one of their counsel. Ms. Tabor is pregnant with a due date of October 23, 2017. Dkt. #34 at ¶6. Ms. Tabor is currently a "shareholder" at the firm Littler Mendelson, but began this case as a "senior associate." *Id.* at ¶ 4. Littler Mendelson's policy requires a shareholder to appear on all of the pleadings and to supervise the case. *Id.*

ORDER DENYING MOTION TO CONTINUE TRIAL DATE - 1

Shareholder Dan Thieme agreed to serve in that capacity. *Id.* According to the declaration of Ms. Tabor, "Defendants selected me specifically to be their attorney in this case." *Id.* at ¶ 2. Defendants do not submit any further evidence to support this assertion. Defendants argue that good cause exists to continue the trial date by four months because "lead trial counsel for Defendants recently learned that the birth of her child will conflict with the currently scheduled trial date, and thus she will be unavailable for the currently-set trial date." Dkt. #33 at 4. Defendants argue that Plaintiff will not be prejudiced by this continuance because this request is not being made on the eve of trial. *Id.* at 5. Defendants argue that "[r]efusing a continuance for the birth of a child would be contrary to Washington State's public policy against pregnancy and sex discrimination." *Id.* at 6 (citing RCW 49.60.010). Defendants discuss current issues surrounding pregnancy in the legal profession. *Id.* at 6-7. Defendants argue that "[r]efusing a short continuance for the birth of a child (both medical incapacity associated childbirth and critical bonding time with a new baby) communicates to female litigators that they either need to choose not to have children, or that they need to stop litigating for the years in which they desire to have a child." *Id.* at 7.

Plaintiff Ball first responds by suggesting that the trial date be moved to an earlier date with the deadline for filing dispositive motions moved up to "the day after the [current] discovery cutoff." Dkt. #36 at 3. Plaintiff argues that continuing trial for four months would cause him financial hardship. Dkt. # 36 at 5. Plaintiff states through his personal declaration that he is currently unemployed and looking for work, and that a delay in the resolution of this case will affect his family's financial affairs. Dkt. #38. Plaintiff next points out several holes in Defendants' reasons to request this continuance. First, that Defendants have two named counsel who should be prepared to go to trial. Dkt. #36 at 6-7. Second, that Defendants selected a law

ORDER DENYING MOTION TO CONTINUE TRIAL DATE - 2

firm with other counsel who can be brought up to speed in this matter prior to trial. *Id*. at 7-8. Third, that if Ms. Tabor's "personal participation is necessary for trial preparation, a trial date of October 23, 2017 would afford a *greater* opportunity for her use any knowledge unique to her to prepare the case for trial than Defendants' requested date of sometime in March." *Id*. at 8 (emphasis in original). Fourth, that Defendants' assertion that they specifically selected Ms. Tabor for this case is only supported by a single sentence in Ms. Tabor's declaration, is not supported by a declaration from Defendants, and that in any case the individual currently directing counsel on behalf of Manalto, Inc. was not the person who selected Defendants' counsel. *Id*. at 8 (citing Dkts. #37-7). The Court notes that Plaintiff makes a point of stating that "all pregnancies deserve to be celebrated" and that "no lawyer should have her career derailed by her pregnancy." *Id*. at 1.

On Reply, Defendants argue that advancing trial to September will prejudice Defendants ability to adequately prepare and defend their case and would "deprive Defendants of the benefit of the Court's standard case schedule, which typically allows parties a full month between the close of discovery and the dispositive motions filing deadline..." Dkt. #41 at 2-3. Defendants spend the majority of their brief attacking Plaintiff Ball's claims of financial hardship due to unemployment and argue that he has failed to mitigate his damages. *Id*. at 4-5. Defendants go so far as to insinuate that Plaintiff cannot claim financial hardship because he resides in a neighborhood "widely acknowledged as 'one of the most affluent communities in metro Seattle,'" with a median home value of $2,298,400 and average rental cost of $7,814 per month. *Id.* at 5 (citing The Seattle Times and Zillow website). Defendants do not reply to Plaintiff's argument that the proposed continuance would cause Ms. Tabor to be absent from trial preparations or argument that the person currently directing counsel on behalf of Manalto

ORDER DENYING MOTION TO CONTINUE TRIAL DATE - 3

was not the person who selected Ms. Tabor. Defendants do not attach a client declaration to support their assertion that they selected Ms. Tabor for this case.

The Court begins by expressing its dismay that the parties could not come together and propose an agreed rescheduling of the trial date. As a result, this Motion has required the Court and the parties to wade into the private affairs of Ms. Tabor and, surprisingly, Mr. Ball, to an extent that strikes the Court as unnecessary and inappropriate.

Mr. Ball's request to move the trial to September can easily be denied. The Court will not prejudice Defendants by shortening their time to prepare for trial, and setting a dispositive motion deadline one day after the discovery cutoff is illogical for the reasons stated in Defendants' Reply brief.

The Court next turns to Defendants' proposed continuance. The Court is only interested in the basis or bases Defendants put forth to constitute good cause under Rule 16(b)(4). Defendants do not submit any evidence that either Manalto the company or Anthony Owen the individual have a conflict with the existing trial date. The only basis for continuance is the conflict with the leave schedule of one of Defendants' attorneys. There have been two attorney names attached to each and every pleading and brief filed by Defendants. From the Court's perspective, there is no reason to believe that Mr. Thieme is not fully capable of representing Defendants, even if he has spent less time than Ms. Tabor working on this case.

Defendants' strongest argument is that they specifically selected Ms. Tabor for this case. However, the Court finds that Defendants have failed to put forth meaningful evidence that they selected Ms. Tabor, and the Court is persuaded by Plaintiff's unrebutted argument that the individuals who could have selected Ms. Tabor no longer work for Defendant Manalto.

The Court is also not convinced that Defendants will suffer harm unless the continuance is granted. While pregnancy would almost certainly constitute good cause for a four month continuance if Defendants were represented by a solo practitioner, the Court finds that it does not constitute good cause when Defendants are represented by at least one other named counsel and a firm full of associates that can certainly be brought up to speed on this case. Trial is not set to begin for five more months. Further, the Court agrees with Plaintiff that the existing trial schedule will allow Defendants access to Ms. Tabor's expertise in valuable pretrial preparations, whereas the requested relief might actually deprive Defendants of Ms. Tabor's expertise. Given all of this, Defendants present insufficient evidence of good cause to warrant their requested extension, and the Court denies their request. Therefore, the Court need not address the potential prejudice to Plaintiff, or the tangential question of his alleged failure to mitigate.

The accusation that ruling against Defendants "communicates to female litigators that they either need to choose not to have children, or that they need to stop litigating for the years in which they desire to have a child" is offensive at best. *See* Dkt. #33 at 7. The Court fully supports attorneys taking maternity and paternity leave, but such leave alone cannot constitute good cause without a connection to the parties supported by evidence. The Court has made its decision based on the evidence, or lack thereof, showing how this continuance would impact the parties, not their counsel. The needs of the parties and the Court's responsibility "to secure the just, speedy and inexpensive determination of every action and proceeding" take priority over the schedule of one counsel for one party. *See* Fed. R. Civ. P. 1.

Having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that Defendants' Motion to Continue, Dkt. #33, is DENIED.

DATED this 16 day of May, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE