UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CRAIG M. BALL,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>MANALTO, INC., a Virginia corporation, and ANTHONY OWEN, an individual,<br><br>　　　　　Defendants. | Case No. C16-1523 RSM<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES |

This matter comes before the Court on Plaintiff Craig Ball's Motion for Attorney Fees. Dkt. #39. Consistent with paragraph 4 of this Court's Order Granting Plaintiff's Motion to Compel, Dkt. #35, Plaintiff moves for an award of reasonable expenses, including attorney fees, for bringing that Motion. *Id.* Plaintiff reiterates the facts of his Motion to Compel, argues that Defendants' actions were not justified, and asks for attorney's fees of $14,175 based on 37.5 hours of time in bringing the prior Motion to Compel, 3 hours in bringing the instant Motion, and a rate of $350 per hour. *Id.*

Defendants Manalto, Inc. and Anthony Owen oppose this Motion, arguing that they were substantially justified in their objections. Dkt. #44. Defendants also argue that Plaintiff's requested fees are excessive "in light of Manalto's reliance on the 2015 revisions to Rules 26

ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES - 1

and 37 addressing proportionality in ESI discovery, the comments to those rules, and applicable case law interpreting the 2015 revisions in objecting to Plaintiff's discovery requests and attempting to negotiate a search protocol more in line with the theory of proportionality and the Model ESI Agreement." *Id*. at 8. Defendants do not dispute specific billing entries. Defendants do not dispute Plaintiff's counsel's rate of $350 per hour.

If a motion to compel discovery is granted, the Court "must, after giving an opportunity to be heard, require the party… whose conduct necessitated the motion… to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5). However, the Court must not order this payment if, *inter alia*, the opposing party's nondisclosure, response, or objection was "substantially justified" or "other circumstances make an award of expenses unjust." *Id*.

In its order, the Court rejected virtually all arguments raised by Defendants, and granted Plaintiff virtually all relief he sought. The Court found that Plaintiff's requested records "could easily contain information relevant to the claims and defenses at issue in this case." Dkt. #35 at 7. The Court disagreed with Defendants' assessment of proportionality, finding that "Defendants' alleged expense in producing these records could be greatly reduced via the methods proposed by Mr. Ball," and that "Defendants are lowballing the potential value of this case." *Id*. Accordingly, the Court finds that Defendants were not substantially justified in their actions necessitating the underlying Motion to Compel.

Defendants fail to otherwise dispute the amount of attorney fees requested. The Court has reviewed the documentation supporting the requested fees, and determines that the hours incurred in bringing the underlying Motion to Compel are reasonable. Plaintiff's requested fees for the three estimated hours incurred in bringing the instant Motion are not directly permitted

ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES - 2

by Rule 37(a)(5), and the Court did not otherwise award those hours. Plaintiff's proposed hourly rate is reasonable and appropriate for this type of work as performed in the community. Accordingly, the Court will grant Plaintiff's Motion in part and award $13,125.

Having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's Motion for Attorney Fees (Dkt. #39) is GRANTED. Defendants shall pay Plaintiff's attorney's fees in the amount of $13,125.

DATED this 1st day of June 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES - 3